**Oleg MISHUSTIN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Iraida Mishustina, Petitioner,**

v.

**John Ashcroft, Attorney General, Respondent.**

**Victoria Mishustina, Petitioner,**

v.

**John Ashcroft, Attorney General, Respondent.**

**Pavel Mishustin, Petitioner,**

v.

**John Ashcroft, Attorney General, Respondent.**

Nos. 02–74395, 02–74396, 02–74397, 02–74398.
Ins No. A77–427–429, A77–427–430, A77–427–431, A77–427–432.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2004.*

Decided May 13, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Russell L. Marshak, Popkin, Shamir & Golan, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robert M. Loeb, Anne Murphy, Department of Justice, Joan E. Smiley, Richard M. Evans, U.S. Department of Justice, Washington, DC, for Respondent.

Before SILVERMAN, CLIFTON, Circuit Judges, and ZAPATA, District Judge.**

** The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation.

MEMORANDUM***

Four Russian citizens, Oleg Mishustin and his wife, Iraida, and two children, Victoria and Pavel, petition for review of the Board of Immigration Appeals' (BIA) affirmance without opinion of the Immigration Judge's (IJ) denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petitions for review because the Mishustins' due process, statutory, and regulatory arguments fail and because substantial evidence supports the IJ's decision.

 The Mishustins contend that BIA's "streamlining" procedures, under which a single member of the BIA can affirm without opinion an IJ's decision, violated their statutory, regulatory, and due process rights. We disagree. "[S]treamlining does not violate an alien's due process rights." *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848 (9th Cir.2003). The Mishustins have not demonstrated that the streamlining procedures violate any regulatory or statutory provisions. *See id.* at 850 (streamlining procedure provides aliens with "all of the administrative appeals to which they were entitled by statute"; "'[n]or does the scheme violate any statute'" (quoting *Albathani v. I.N.S.*, 318 F.3d 365, 377 (1st Cir.2003))).

 The Mishustins claim that the Acting BIA Chairperson "engaged in unlawful rulemaking without publication and comment, in violation of § 533 of the Administrative Procedures Act," when she issued memoranda designating certain categories of cases as suitable for streamlined review. This issue is moot. Those memoranda were issued before the August 26, 2002 revision to 8 C.F.R. § 3.1, which became effective two months before the BIA's decision in the Mishustins' case. *See* 8 C.F.R. § 3.1(e) (2003) (assigning virtually all cases to single Board member, rather than a three member panel, for disposition); *Capital Area Immigrant's Rights Coalition v. United States Dep't of Justice*, 264 F.Supp.2d 14, 31 n. 14 (D.D.C.2003) (APA challenge to memoranda moot because "[t]he final streamlining regulation, which became effective September 2[5], 2002, amends and thus supercedes the 1999 streamlining regulation ... pursuant to which the acting chairman issued the three memoranda").

The Mishustins also argue that the BIA improperly applied the streamlining procedures to this case. That argument is foreclosed by *Falcon Carriche*. *See* 350 F.3d at 855 ("[W]here we can reach the merits of the decision by the IJ or the BIA, an additional review of the streamlining decision itself would be superfluous.").

Because the BIA affirmed the IJ's decision without opinion, the IJ's decision becomes the final agency decision that we review. *See id.* at 849; *see also* 8 C.F.R. § 1003.1(a)(7)(iii). We review the administrative record to determine whether substantial evidence supports the IJ's decision that the Mishustins were not eligible for asylum, withholding of removal, or relief under the CAT. *See Thomas v. Ashcroft*, 359 F.3d 1169, 1174 (9th Cir.2004) (asylum and withholding of removal); *Singh v. Ashcroft*, 351 F.3d 435, 442 (9th Cir.2003) (CAT). We will only reverse if the evidence the Mishustins presented was "so compelling that no reasonable factfinder could fail to find" in their favor. *I.N.S. v. Elias–Zacarias*, 502 U.S. 478, 484, 112 S.Ct. 812, 817, 117 L.Ed.2d 38 (1992). The evidence must do more than support a

finding in the Mishustins' favor, it must compel it. *Id.* at 481 n. 1, 112 S.Ct. at 815 n. 1.

■ Substantial evidence supports the IJ's finding that the Mishustins are not eligible for asylum because the mistreatment Oleg Mishustin suffered did not constitute past persecution, Oleg Mishustin's fears of future persecution were not objectively well-founded, there was no nexus between the mistreatment and any protected ground, and Oleg Mishustin was not a member of a "particular social group" simply because he was a practitioner of non-traditional medicine who contracted with his government and then sought to terminate that relationship. *See Prasad v. I.N.S.*, 47 F.3d 336, 339–40 (9th Cir.1995) (not compelled to find past persecution when applicant was stopped at a roadblock, hit and kicked without receiving serious injury, taken to jail cell and questioned, and released after a few hours); *see also Kozulin v. I.N.S.*, 218 F.3d 1112, 1117–18 (9th Cir.2000) (insufficient proof of future persecution based on applicant leaving Russia and seeking asylum). The evidence presented does not compel us to conclude otherwise.

■ Because there is substantial evidence to support the IJ's finding that the Mishustins are ineligible for asylum, there is substantial evidence to support the IJ's finding that the Mishustins are ineligible for withholding of deportation. *See Ghaly v. I.N.S.*, 58 F.3d 1425, 1429 (9th Cir.1995) ("[F]ailure to satisfy the lesser standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of deportation as well.").

■ Finally, substantial evidence supports the IJ's finding that it is not "more likely than not" that Oleg Mishustin would be tortured if he returned to Russia. 8 C.F.R. § 208.16(c)(2) (2003); *see also Malhi v. I.N.S.*, 336 F.3d 989, 993 (9th Cir. 2003). The evidence does not compel us to find to the contrary.

PETITIONS FOR REVIEW DENIED.